COFFEY v. WILSON ET AL.

1. **Exemption from Execution:** FOOD PREPARED FOR BOARDERS. Food prepared by a restaurant keeper for his boarders is not exempt from execution. Code, §§ 3072, 3073.

2. **Execution:** OPPRESSIVE LEVY: WHAT IS NOT. The fact that the food levied upon in this case was intended for special use in providing a meal for plaintiff's boarders, and that it did not sell for as much as it would have brought to plaintiff if used in his business as a restaurant keeper, did not render the levy oppressive in such sense that defendants would be liable therefor.

3. ———: SALE WITHOUT NOTICE: STATUTORY PENALTY. Where an officer sells property under execution, without notice, for a sum equal to its value, and applies the proceeds on the execution and costs, and the owner sustains no actual damage by reason of the want of notice, he is not entitled to recover the penalty provided by section 3081 of the Code.

*Appeal from Linn District Court.*

MONDAY, DECEMBER 8.

ACTION upon the official bond given by a constable. There was a judgment upon a verdict for defendants. Plaintiff appeals.

*J. B. Young* and *Stoneman, Rickel & Eastman,* for appellant.

*Deacon & Smith,* for appellees.

BECK, J.—I. The plaintiff was the keeper of a restaurant,

and defendant, Wilson, being a constable, held an execution against him, issued by a justice of the peace. The constable levied an execution upon the food prepared for dinner on a certain day by plaintiff for his boarders, and sold it upon the writ, without giving the notice prescribed by the statute. In the first count of the petition plaintiff seeks to recover upon the ground that the property was exempt from execution, and that the levy was oppressive.

*1. EXEMPTION from execution: food prepared for boarders.*

II. The district court instructed the jury that, if the food levied upon by defendant was intended and prepared for plaintiff's boarders, it was not exempt from execution. The instruction is correct. The law exempts from execution the necessary provisions for the use of the family of the debtor for six months. Code, § 3072. But the word "family" here used does not include strangers or boarders lodging with the family. Section 3073. The court, therefore, upon this point, rightly instructed the jury.

III. The plaintiff insists that the levy was oppressive, for the reason that the property was absolutely worthless for the purpose of sale. The question of defendant's good faith and the value of the property were properly submitted to the jury by the instructions. The fact that the property was intended for special use in providing a meal for plaintiff's boarders, and that it did not realize, upon the sale, the amount of money it would have brought to plaintiff if used in his business, does not render defendants liable. The instructions given, as applicable to this branch of the case, are correct.

*2. EXECUTION: oppressive levy: what is not.*

IV. The second count seeks to recover the penalty for sales made by officers without notice, provided by Code, § 3081, which is in this language: "An officer selling without the notice above prescribed shall forfeit one hundred dollars to the defendant in execution, in addition to the actual damages sustained thereby." Plaintiff claims that, the notice required by the

*3. ——: sale without notice: statutory penalty.*

statute not being given, the constable is liable under this section in this action.

The district court instructed the jury that if they found that the constable sold the property without notice for a sum equal to its value, and applied the proceeds upon the execution and costs, and plaintiff sustained no actual damages by reason of the want of notice, in that case plaintiff is not entitled to recover upon the second count. We think the instruction is correct. The statute declares that plaintiff is entitled to recover the penalty, " in addition to the actual damages sustained " by him. If there be no actual damages the penaty cannot be recovered, for it cannot, in that case, be " in addition to the actual damages sustained." This conclusion is in harmony with justice and the doctrines of the law, which will not inflict a penalty where no wrong has been done, and the party claiming it has suffered no loss or injury. The instructions refused are in conflict with the conclusions we have announced. The evidence gives sufficient support to the verdict.

The foregoing views dispose of all questions in the case.

                                                        AFFIRMED.