ENFIELD v. BLYLER ET AL.

1. **Constable**: EXECUTION SALE WITHOUT NOTICE: ACTION FOR DAM-
AGES: CODE, § 3081. The penalty provided by § 3081 of the Code, for
selling property on execution without giving the notice prescribed by §
3080, cannot be recovered where no actual damage has accrued. (*Coffey
v. Wilson*, 65 Iowa, 270.) And where action was begun for damages and
penalty, but the claim for damages was withdrawn, a judgment for the
penalty was without warrant, and must be reversed.

*Appeal from Polk Circuit Court.*

FRIDAY, OCTOBER 23.

THIS is an action to recover damages and the statutory
penalty upon the official bond of a constable for selling cer-
tain personal property of the plaintiff on execution without
giving the notice of sale required by law.   There was a trial
to the court without a jury, and a judgment was rendered for
the plaintiff.   Defendants appeal.

*L. G. Bannister*, for appellants.

*D. O. Finch* and *D. Donovan*, for appellee.

ROTHROCK, J.—It is provided by section 3081 of the Code
that an officer selling property on execution without the notice
prescribed by section 3080 " shall forfeit one hundred dollars
to the defendant in execution, in addition to the actual dam-
ages sustained by either party.      *      *      * "
It appears from the finding of facts in this case " that the
plaintiff withdrew on the trial all claim for damages, and
only sought to recover the statutory penalty of one hun-

dred dollars." The judgment rendered was for the forfeiture only. In the case of *Coffey v. Wilson*, 65 Iowa, 270, it was held by this court that the penalty of $100 · could not be recovered where there was no actual damages suffered by the defendant in execution by reason of the failure of the officer to give notice of the sale. That case seems to be decisive of the case at bar. It is true that in this case the plaintiff · claimed actual damages in his petition. But he withdrew that claim on the trial. The court was therefore authorized in finding that he had sustained no actual damages, the same as if he had made no such ·claim in his petition. It is not a case where the law will presume damages in the absence of any claim therefor.

REVERSED.